IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM PAUL MORGAN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| LOWE'S HOME IMPROVEMENT, | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT LOWE'S HOME IMPROVEMENT'S
*(incorrectly named and an improper party)*
### NOTICE OF REMOVAL

Defendant LOWE'S HOME IMPROVEMENT *(incorrectly named and an improper party)* (hereinafter "LOWE'S") files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removing the case styled *William Paul Morgan v. Lowe's Home Improvement*, Cause No. 39755, from the 1st-1A Judicial District Court of Jasper County, Texas, to the United States District Court for the Eastern District of Texas – Beaumont Division. As grounds for removal, Defendant respectfully shows the Court as follows:

### STATE COURT ACTION

1. This case arises from an incident that allegedly occurred on August 7, 2021, at the Lowe's store located at 900 West Gibson, Jasper, Texas 75951 (the "Store"). Plaintiff William Paul Morgan ("Plaintiff") filed his Original Petition (the "Petition") on October 27, 2021, in the 1st-1A Judicial District Court of Jasper

County, Texas; Cause No. 39755 (the "State Court Action"). Specifically, Plaintiff asserts claims for premises liability and negligence. Plaintiff alleges in his Petition that he sustained injuries when he went to the Store to purchase sheet metal. Plaintiff pleads damages between $10,000.00 and $100,000.00.

## REQUIREMENTS FOR REMOVAL

2. Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the United States District Courts for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441. Pursuant to Local Rule 81, an index of documents filed in the State Court Action is attached as "Exhibit A."

3. Defendant received Plaintiff's initial pleading by service on Defendant's registered agent on October 29, 2021. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). As set forth in more detail below, this Court has original jurisdiction of this matter based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

4. Defendant files this Notice of Removal pursuant to 28 U.S.C. § 1446(b)(2)(A), which requires all defendants "properly joined and served" to join in or consent to the removal. No other defendant has been properly joined or served at this time.

5. As required by 28 U.S.C. § 1446(b), Defendant, as the removing party, will promptly give all parties written notice of the filing of this Notice of Removal

and will promptly file a copy of this Notice of Removal with the Clerk of the Court where the State Court Action is currently pending.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the state court where the suit has been pending is in this district and division.

## JURISDICTION

7. This Court has original jurisdiction over this civil action because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8. For suits initially filed in state court, diversity is determined by the facts on both the date the complaint was filed in state court and the date the notice of removal was filed in federal court.[1] A person is considered a citizen of the state where the person is domiciled—that is, where the person has established a fixed habitation or abode, intending to remain there permanently or indefinitely.[2] Domicile is a combination of two factors: the residence of the party and the intent to remain there permanently.[3] Here, at the time of the filing of the Original Petition, Plaintiff, William Paul Morgan, was and still is, to Defendant's knowledge, a

---

[1] *Ashford v. Aeroframe Servs.*, 907 F.3d 385, 386 (5th Cir.2018); *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir.2014); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir.2013); *see Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir.2004).

[2] *Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir.2014); *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir.1998); *see Bower v. EgyptAir Airlines Co.*, 731 F.3d 85, 90 (1st Cir.2013); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir.2012).

[3] *Newton v. Commissioners*, 100 U.S. 548, 562 (1879); *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir.2003); *Walters v. U.S. Bank*, 203 F.Supp.3d 1055, 1057 (C.D.Cal.2016); *see Eckerberg v. Inter-State Studio & Publ'g*, 860 F.3d 1079, 1085 (8th Cir.2017) (domicile established by physical presence and intent to remain); *Bower*, 731 F.3d at 90 (same).

resident of Hardin County, Texas. As such, Plaintiff is a citizen of Texas for purposes of diversity.

9. A corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated and (2) the U.S. state or foreign state where it has its principal place of business (i.e., its "nerve center").[4] The citizenship of a partnership, a limited-liability company, or an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity was organized.[5]

10. Defendant LOWE'S HOME IMPROVEMENT *(incorrectly named and an improper party)* is a foreign limited liability company organized and existing under the laws of the State of North Carolina. The limited liability company is comprised of six managing members, Akinjide Falaki who is domiciled in and a resident of the State of North Carolina; David R. Green, who is domiciled in and a resident of the State of North Carolina; Beth R. MacDonald who is domiciled in and a resident of the State of North Carolina, Tiffany L. Mason, who is domiciled in and is a resident of the State of North Carolina; Brandon J. Sink, who is domiciled in and a resident of the State of North Carolina, and Gary White, who is domiciled in and a resident of the State of North Carolina. Additionally, LOWE'S principal office is located at

---

[4] 28 U.S.C. § 1332(c)(1); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir.2013); *see Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt.*, 692 F.3d 42, 51 (2d Cir.2012); H.R. Rep. No. 112-10, at 8 to 9 (2011).

[5] *Grynberg v. Kinder Morgan Energy Partners*, 805 F.3d 901, 905–06 (10th Cir.2015); *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104–05 (3d Cir.2015).

1605 Curtis Bridge Road in Wilkesboro, North Carolina 28687. Pursuant to 28 U.S.C. § 1332(c)(1), LOWE'S is not a citizen of the State of Texas.

11. Because the Plaintiff is a resident of the State of Texas and Defendant LOWE'S and all of its members are residents of the State of North Carolina, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

12. Plaintiff seeks "maximum recovery of over $10,000.00, but not more than $100,000.00. According to the facts of Plaintiff's Original Petition, the amount in controversy exceeds $75,000.00.

## JURY DEMAND

13. Pursuant to Federal Rule of Civil Procedure 28, Defendant demands a trial by jury.

## PRAYER

WHEREFORE, pursuant to 28 U.S.C. § § 1332, 11441, and 1446, Defendant prays that the United States District Court for the Eastern District of Texas – Beaumont Division, accepts this Notice of Removal, assumes jurisdiction of this cause, and issues such further orders and process as may be necessary to bring before it all parties necessary for the trial hereof.

| | |
|---|---|
| Date:  November 24, 2021 | Respectfully submitted, |

        **MAYER LLP**
        750 N. St. Paul Street, Suite 700
        Dallas, Texas 75201
        T:  214.379.6900 | F:  214.379.6939

        By:  /s/ *Mavish Bana*
            Melanie Kemp Okon
            State Bar No. 24012951
            E-Mail: mokon@mayerllp.com
            Mavish S. Bana
            State Bar No. 24096653
            E-Mail:  mbana@mayerllp.com

        **ATTORNEYS FOR DEFENDANT**
        **LOWE'S HOME IMPROVEMENT**
        ***(incorrectly named and an improper party to this lawsuit)***

## **CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that on November 24, 2021, the foregoing *Notice of Removal* was electronically filed, as required by the United States District Court for the Eastern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following, who are indicated to be registered ECF filers in the United States District Court for the Eastern District of Texas:

| | |
|---|---|
| William Marcus Wilkerson<br>595 Orleans, Ste. 1115<br>Beaumont, Texas 77701<br>wmarcuswilkerson@gmail.com<br><br>*Counsel for Plaintiff* | ☐ E-Mail<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ Overnight Mail<br>☐ Regular, First Class Mail<br>☒ E-File and Serve<br>☐ E-Service Only<br>☐ Certified Mail/Return Receipt Requested |

                                    */s/ Mavish Bana*
                                    Mavish S. Bana